**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| KEVIN VASHON NICKLES, : | |
| : | Civil Action No. 08-6239 (JBS) |
| Plaintiff, : | |
| : | |
| v.  : | **O P I N I O N** |
| : | |
| WARDEN TAYLOR, et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES:**

Kevin Vashon Nickles, <u>Pro</u> <u>Se</u>
#212376
Camden County Correctional Facility
P.O. Box 90431
Camden, NJ 08101

**SIMANDLE**, District Judge

Plaintiff, currently confined at the Camden County Correctional Facility, brings this civil action alleging violations of his constitutional rights, pursuant to 42 U.S.C. § 1983. He has submitted an application to proceed with this action <u>in</u> <u>forma</u> <u>pauperis</u>, pursuant to 28 U.S.C. § 1915(e).

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the

following reasons, the complaint must be dismissed, without prejudice.

## BACKGROUND

Plaintiff asks this Court to order the Camden County Jail to provide Muslims, like himself, with a proper religious Halal meal. Plaintiff states that he was told by jail officers that Muslim inmates are only provided vegetarian meals. He notes that Halal is the "first choice" for a Muslim, then Kosher meals, which are provided to Jewish inmates. Plaintiff states that when he was previously in the jail he was getting Kosher meals, but that now with the vegetarian meals only, his rights are being violated.

## DISCUSSION

### A.   Standard for Sua Sponte Dismissal

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are

frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8

3

pleading standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

**B.    Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v.

S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.  **Plaintiff's Complaint Will Be Dismissed.**

Liberally construing the complaint, Plaintiff asserts a First Amendment freedom of religion claim, and a Fourteenth Amendment equal protection claim in that he repeatedly states that he was not provided Halal meals during his time at the Camden County Jail.

The very claim presented in Plaintiff's complaint -- that the constitution requires the defendants to provide him with Halal meat meals -- was addressed and conclusively rejected by the Court of Appeals in Williams v. Morton, 343 F.3d 212 (3d Cir. 2003).  The plaintiffs in Williams, as with the plaintiff here, were Muslim inmates who filed a 42 U.S.C. § 1983 action alleging that the defendant prison officials violated the plaintiffs' federal and state constitutional rights and the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1, et seq., by providing the plaintiffs with vegetarian meals rather than meals with Halal meat.  The Court of Appeals agreed with the District Court that the decision of the Department of Corrections to provide vegetarian meals to religious Muslim inmates (rather than Halal meals with meat) was rationally related to the legitimate penological interests in simplified food service, security, and

staying within the prison's budget.[1]  The Court of Appeals noted that the Free Exercise aspect of the plaintiffs' claim was assessed in light of the facts that Muslim inmates were provided with the opportunity to pray daily, attend special weekly services, and observe religious holidays.  Turning to the equal protection aspect, the Court of Appeals concluded that the plaintiffs failed in their claim because there was no evidence that the Kosher meals provided to Jewish inmates contained meat.

Here, as with the plaintiffs in Williams, Plaintiff does not assert that he is denied the opportunity to pray daily, attend special weekly services, and observe religious holidays.  See generally, Complaint, Docket Entry No. 1.  Similarly, Plaintiff does not assert that Jewish inmates are provided with Kosher meats; rather, he only asserts that they are provided with Kosher meals.  See Complaint at ¶ 6.  In light of this silence, it appears to this Court that Plaintiff's complaint alleges the same facts considered and determined by the Court of Appeals in Williams to be insufficient to establish a federal claim.  In this case, as in Williams, the complaint asserted that the defendant's offer of vegetarian meals is insufficient to meet the

---

[1]  The Court of Appeals noted that there was sufficient evidence that providing Halal meat meals to hundreds of prisoners would have had a marked effect on the prison community and that -- unlike Kosher meals -- Halal meat meals could not be provided at a de minimis cost. See Williams, 343 F.3d at 221.

plaintiff's religious needs.  The Williams court, and the court below, heard and rejected this precise claim.  Absent a different claim legally or factually, there is no basis for this court to allow this plaintiff to retry this rejected theory.  See Williams, 343 F.3d at 219 (decision of Department of Corrections to provide vegetarian meals (rather than Halal meals with meat) rationally related to legitimate penological interests).  In sum, this Court concludes that, as drafted, Plaintiff's allegations that his First and Fourteenth Amendments rights are violated by the decision to provide only vegetarian meals instead of prepackaged Halal meals with meats fails to state a cognizable claim.

The Court, however, recognizes that the trial court's decision in Williams, ultimately affirmed by the Court of Appeals, was entered at the stage of summary judgment rather than that of sua sponte dismissal.  Moreover, the Court is mindful of the Supreme Court's teaching that "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."  Foman v. Davis, 371 U.S. 178, 182-83 (1962). Therefore, this Court cannot rule out the possibility that Plaintiff, if given an opportunity to amend his Complaint, may

7

assert facts indicating that his claims differ meaningfully from those decided in Williams.

Consequently, the Court finds it prudent to allow Plaintiff an opportunity to cure the shortcomings of his instant Complaint-if he can-and submit an amended pleading detailing the facts indicating, in light of the constitutional analyses provided by the Court of Appeals in Williams, that Plaintiff's civil rights have been violated by being provided vegetarian meals.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's claims are subject to dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.[2] However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted in this opinion,

---

[2] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ... The dispositive inquiry is whether the district court's order finally resolved the case." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted). In this case, if Plaintiff can correct the deficiencies of his complaint, he may file a motion to reopen these claims in accordance with the court rules.

the Court will grant Plaintiff leave to reopen and file an amended complaint.[3]  An appropriate order follows.

                                        **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE
                                        United States District Judge
Dated:  **March 4, 2009**

---

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. See id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  See id.